IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                          |   |                      |
|--------------------------|---|----------------------|
| UNITED STATES OF AMERICA | ) |                      |
|                          | ) |                      |
| vs.                      | ) | Crim. No. 02-11 Erie |
|                          | ) |                      |
| JAMES C. CARTER          | ) |                      |
|                          | ) |                      |

## **Memorandum Order**

Presently before the Court is James C. Carter's *pro se* "Motion to Correct an Error in the Record Arising from Oversight or Omission," pursuant to Federal Rule of Criminal Procedure 36. ECF No. 79. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36.

On October 15, 2002, Mr. Carter plead guilty to one count of distribution of less than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). On February 3, 2003, we sentenced Mr. Carter to 151 months' imprisonment to be served consecutive to any state term of imprisonment imposed for violating his state parole. On November 17, 2006, Mr. Carter filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In our Opinion resolving Mr. Carter's 2255 Motion we stated that Mr. Carter "was sentenced by this Court on February 3, 2003, to a term of imprisonment of 151 months' imprisonment to be served *concurrently* to any state term of imprisonment imposed for violating his state parole." Opinion and Order, Feb. 8, 2007, at 1 (Doc. 54) (emphasis added).

Mr. Carter filed the instant motion under Federal Rule of Criminal Procedure 36, seeking to have the Court clarify a discrepancy between our imposition of sentence on February 3, 2003, in which we ordered that his sentence be served *consecutively* to any state term of imprisonment imposed for violating his state parole, and our 2255 Opinion in which we stated that the sentence was to be served *concurrently*. Mr. Carter correctly points out that in both our oral imposition of sentence and in our written Judgment of Sentence we stated that the sentence was to be served consecutively.

We agree that there is an inconsistency in the language used at the time we imposed sentence and our later description of the sentence in our 2255 Opinion. We do not hesitate to state that the clerical error occurred in the 2255 Opinion issued four years after sentence was imposed when we inadvertently used the phrase "concurrently with" instead of "consecutive to." This was a clerical error arising from oversight that we may now correct.

Mr. Carter, however, clearly seeks to have the Court change his sentence so that it states that the sentence is to be served "concurrent with" as he asks the Court to "hold its 2255 order determination as the proper decision." Motion, ECF No. 79, at 1. This would be a substantive change in Mr. Carter's sentence. Rule 36 does not apply to substantive changes to a judgment; it only applies to clerical errors in the judgment or order, or to errors of omission in the record. United States v. Bennett, 423 F.3d 271, 278 (3d Cir.2005). We therefore cannot make Mr. carter's requested change.

Accordingly, the following order is therefore entered.

AND NOW, to-wit, this ___28th___ day of March, 2013, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED that James C. Carter's *pro se* Motion to Correct an Error in the Record Arising from Oversight or Omission be and hereby is GRANTED in part, and DENIED in part.

The Motion is granted with respect to correcting an error arising from oversight in our Opinion and Order dated February 8, 2007 (Doc. 54), in which we inadvertently described Mr. Carter's sentence as being imposed "concurrently with" when we should have stated that it was imposed "consecutive to" any parole violation sentence. Specifically, the following sentence on page 1 of the Opinion and Order:

> He was sentenced by this Court on February 3, 2003, to a term of imprisonment of 151 months' imprisonment to be served concurrently with any state term of imprisonment imposed for violating his state parole. (Doc. 26.)

is hereby changed to read as follows:

> He was sentenced by this Court on February 3, 2003, to a term of imprisonment of 151 months' imprisonment to be served consecutive to any state term of imprisonment imposed for violating his state parole. (Doc. 26.)

The Motion is denied in all other respects.

Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: James C. Carter, *pro se*
NO. 20116-068
FCI ELKTON
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 10
LISBON, OH 44432